Good morning, Your Honors. Dennis Reardon and Mark Zilversmith for Petitioner Vassar-Smith. I think the first time I heard the adage, hard cases make bad law, was in law school. I'm not sure I knew what it meant, but I've taught some appellate advocacy courses, and if I were going to give my class an illustration of the principle, this would be it. This is a very hard case that I submit made very, very bad law. It's a very hard case because although nothing is more fundamental to our constitutional system of criminal justice than the rule that you can only be convicted of the crime with which you are charged, this was a case in which an avalanche of evidence concerning offenses that could not be charged, because they happened 25 years before the charged offense and outside the jurisdiction, was admitted against defendant. He admitted on the stand that he had committed any number of acts of pedophilia with underage boys 25 years prior to the charge here. This was going to be a very hard case for a jury to focus on the specific charge crimes and decide guilt or innocence, even though the evidence of the charge crimes was certainly debatable in a way that the evidence of the uncharged crime was not. And it was going to be a tough case given a conviction for an appellate court to apply good principles of law, and we submit that the state court of appeal here did not. What is good law, and I'll submit an additional citation to a case decided by this court last week, is that in California the fact that charged crimes were committed within the statute of limitations must be pled in the information, and they must be proven to a jury under proper instructions. And the court held that last week in Rendaris v. Ryan. That was a case that was affirmed because instructions were given, they were proper, the issue of statute of limitations was decided by the jury. In this case, it's conceded that the statute of limitations issue was not charged, even though every crime charged to get was not pled in the information. Every crime charged against the defendant either clearly was outside the statute of limitations or arguably could have been, depending on the evidence, outside the statute of limitations. Did the court of appeal try to do a harmless error analysis to deal with that? Actually, the way they dealt with that, Your Honor, was to abolish the right to a jury trial on the statute of limitations question. They said, we are now declaring for the first time, contrary to every California decision that's ever existed, that if you don't have a jury trial, if it's not pled, if it's not instructed on, we, the court of appeal, can decide the issue de novo. Well, that means you have no right to a jury trial, because if you're not given the right, there's no remedy. The court of appeal decides the statute of limitations issue de novo, which means that it's a judicial decision, not a jury trial right, even though State law has always given a right to a jury trial, as this Court held last week in Rendera v. Ryan, and that because it's a State law jury trial right, it's a due process right on the Federal level. Well, does the timeliness of the prosecution amount to an element of the offense? It does not amount to an element of the offense in the Winship sense. Actually, Rendera v. Ryan said that. That is, it is not an element of the crime that must be proven beyond a reasonable doubt. So it's not a Winship element, but it is a fact that must be proven to the jury. This Court noted California law last week and said you have to plead it and you have to prove it to a jury. In that case, they did. So it is not something that has to be proven by a reasonable doubt, but it is something that you have a right to a jury trial on, and this State court of appeal abolished the right. It doesn't exist anymore, because you can't say you have a right to a jury trial if you don't get that right. A court says it doesn't matter. We, judges on appeal who haven't even, you know, viewed the evidence, will decide the question de novo ourselves. That's to say there is no right to a jury trial as opposed to a court. The statement of the State court of appeal is we will decide it without reference to what the jury did. And the reason they had to make that statement is that in this case, the prosecutor explicitly asked the jury to convict on offenses that were barred by the statute of limitations. There were 15 offenses. There was some evidence that they could have occurred outside, some incidents outside, some incidents inside the statute of limitations, because everybody in the trial court had just completely blew the statute of limitations question. She said to the jury, convict on the first offenses that we've offered evidence on, all of which were outside the statute of limitations. So if the court of appeal suspected the right to a jury trial, they would have had to say, well, it was prejudicial error because it appears that they convicted on offenses outside the statute of limitations. They said we can decide the question without reference to what the jury did. Which Supreme Court case or cases are you saying that the court misapplied? Well, the Supreme Court cases which hold that you have a right to a jury trial, California Supreme Court cases. Oh. Well, I'm thinking of the standard. U.S. Supreme Court cases. I am relying on Hicks v. Oklahoma, which says that if you have a due process right, if the state affords you a procedural right at trial, you have a due process right protected by the Constitution to that right. In that case, it was a sentencing hearing. So what we are, the Supreme Court has always recognized, as this court has, that statute of limitations is something that has to be proven at trial. And I submit that the Supreme Court law that says if they take away a state right, as capriciously as occurred in this case, then you have a federal due process violation. I thought that the California Supreme Court said, as you said a minute ago, that the statute of limitations is not an element of an offense. And they said that's true prior to 1998 as well. Williams, I think, where they said that. Williams. And Williams was a case in which, well, I think the court is referring to a case called Frazier. Williams was a case that said even if it's not raised below, you can raise it on appeal, and they reversed and remanded it back for a decision on the statute of limitations. They have said, and let me be crystal clear, no one is claiming here that the right to a jury trial on the statute of limitations is a right to a Winship element of the offense. Right. But we are saying that you have a, in California, a constitutional right to a jury trial on the issue of the statute of limitations under a long line of cases, and that if the state deprives you of that right, as the court of appeals do. Which California Supreme Court case stands for that proposition? Your Honor, they're submitted. They're cited in our brief at length. If you were to point to me one California Supreme Court case or two California court of appeal case, Judge, you really need to read this case because this case is going to say that it's a state constitutional right to a jury trial on the statute of limitations. Your Honor, on the — I would cite you to the Chad case. Well, I would cite you to page 23 of our brief, which cites five or six different Supreme Court cases holding the right to a jury trial. And Crosby is one. Zamora is one. Zamora, United States, California Supreme Court, 18 Cal 3562. Once the court determines the facts stated in the pleadings are sufficient, the statute of limitations question becomes an issue for the trier of fact. And Crosby is another one. And specifically, People v. Stanfield, which is a court of appeal case, and Angell, which is a court of appeal case cited in our brief, held that it is a federal constitutional violation to deny the defendant a trial on a jury trial on a statute of limitations question, and the court of appeal in this case simply said, we are going to be in conflict with those two cases. We are going to announce a new rule which says that you don't have a right in California to a jury trial. And in doing so, they relied on the Williams case. And Williams was a case in which the court never addressed a jury trial. It always had held that there was a right to a jury trial on statute of limitations because Williams was a court trial. It reversed and sent it back for a decision on the statute, but it didn't deal with jury trials because it was dealing with a court trial. I see I'm down to 26 seconds. Now, I'll give you a minute of rebuttal, Mr. And I did want to make one comment within those 26 seconds, and that's simply on the second issue. This is a case where the uncharged defense evidence was so overwhelming that you could make a cogent argument that it was a due process violation to let that much uncharged defense evidence in. It certainly was a case that required the present California instruction, which says that you cannot convict a defendant based on uncharged offense evidence. Instead, what was given in this case was this avalanche of uncharged defense evidence, and the jury was told you may, if you believe that evidence, you may find the defendant guilty of the charged offense. That sentence should be in no instruction anywhere in this country because it basically says if you find uncharged or character evidence, it is a basis for convicting of the charged crime. Thank you, and I appreciate the amendment. I'll give you a minute of rebuttal. And I will submit these to the clerk, Your Honor. Thank you. May it please the Court. Peggy Ruffray, Deputy Attorney General for Respondent. Your Honor, counsel just delivered the argument that he gave to the California Court of Appeal on this issue. He argued that these particular state law authorities should allow him to get reversal of his case. The California Court of Appeal rejected that argument as a matter of state law. It found that there's no sua sponte right to an instruction on the statute of limitations when the defense does not request it. And it held that if it's raised for the first time on appeal, then the reviewing court can look at the record to see if there is sufficient evidence of the statute of limitations. Now, it decided that as a matter of California law, the California Supreme Court denied review, and that means that it's the end of the matter for purposes of this Court. This Court can't reevaluate an issue of state court law. And if that's the case, then there's no Hicks violation because the state court followed its own law. And it followed the law that it made in this case. It's true. But just last year in Bradshaw v. Ritchie, the U.S. Supreme Court reaffirmed that state law is binding even when it's announced in the case on appeal. And it found that the Sixth Circuit, which had reinterpreted state law, was wrong to do so and that that state law decision was binding on the federal court. We submit that that's exactly what happened here. And our authority for that is Hicks v. Feox. It's the other Hicks case. There's two Hicks cases at issue here. Hicks said that although the defendant cited cases in an attempt to show that the state law issue was incorrectly decided, the California Supreme Court denied review. And under those circumstances, the federal court couldn't reevaluate. I don't see how an opinion from this Court would look if it was trying to go back and look at those state cases and decide which one was right and which one was wrong. It's just not the kind of decision that the federal court can do. And I can discuss whether or not the State Court can do that. Well, I don't think that's the specific question presented here. And I'm not trying to avoid your question, but I think that the question presented by this case is whether there is a sua sponte duty to instruct on the statute of limitations in the absence of a request by the defense. And the answer to that is there are no state cases whatsoever that deal with that issue at all. There are some cases that talk about where the jury wasn't instructed, although those cases, really the fact that the jury wasn't instructed, is incidental to the court's opinion. So the main case that the State Court relied on in this case was Williams, California Supreme Court. It said that the statute of limitations can't be forfeited, but if it is raised for the first time on appeal, then the reviewing court can review the record to see if it is met. That's exactly what the court did in this case. Yes, it found that the statute was extended under 803-F. And that itself is a determination of state law, that the statute was extended by that tolling provision, which this court can't reevaluate as well. I wanted to mention one other issue that was raised, really, for the first time in the reply brief, that there is some kind of retroactivity problem with this case, citing the Bowie case. And I have several responses to that. First, that was never exhausted. And you have the petition for review in the supplemental excerpts of record. That was never raised in the State Court, that there was any kind of retroactivity problem. And if that was what they were hanging their hat on, they'd have to raise that in the State Court. But in any event, Bowie does not apply to this kind of procedural right. Bowie just says that the State Court can't change the definition of a crime so that the defendant wasn't on notice of what constitutes criminal behavior in that case. That wouldn't be fair. That's not the case that we have here. This is a procedural right. It's not the definition of the crime. But even if the court got over all of those hurdles, the State Court's conclusion in this case wasn't unforeseeable because it was a direct result of the Williams case, where the court said you could review the record to see if the statute of limitations was met. I'll briefly address the second issue. It's an issue that we're very interested in. It's pending in a couple other cases before the court. It's gradually working its way up in the district courts. And we think that the revised jury instruction adequately states the constitutional standard. Well, it does by now, but I don't know. I guess it does by now. I have some sympathy with the statement that that first paragraph, that you can infer that he has a disposition. You can. If you think he committed these prior crimes, you can infer. You don't have to, but you can infer that he has this disposition. And if you make that inference, you can further infer, but you're not required to, that he did commit the crime he's charged with. Period. Well, you can't look at that in a vacuum, though, because the jury's also in it. Yeah, you can have a sentence in the next paragraph that says, you know, remember that he's supposed to be convicted beyond a reasonable doubt or something like that. But why is that sentence even in it? I mean, I don't know how many cases are going to come through this court with that instruction in it, but it's certainly an instruction that shouldn't be given anywhere. Well, you can't look at it in a vacuum. As I said, you have to look at all the other instructions that are given, including the instructions on the elements of each offense and the general reasonable doubt instruction. The propensity instruction itself, as revised, states, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. And particularly as to this case. In other words, we've said A, and the next paragraph says not A. Well, I don't think it's quite not A. I mean, I think that when you read that, it's saying, it's reminding the jury that the reasonable doubt standard is the one that the jury has to apply. It may be that it overcomes it, but it's certainly be a lot better practice not to create the confusion in the first place. Well, in this particular claim, the ADPA standard of deference does apply. And the State court and the California Supreme Court in Relaford, subsequent cases, they have held that this instruction passes constitutional muster. And the court would have to overcome that hurdle in order to find that it does not. I don't think that's met here. And if you look at the arguments of counsel in this case, which I have in the supplemental excerpts of record, both the defense attorney and the prosecutor repeatedly stated, you have to look at this particular charged offenses and find him guilty beyond a reasonable doubt. So really, when you look at that, there's no chance that the jury was in any way confused, even though there was this evidence of the prior crimes. Now, counsel argues that there's almost a due process violation. I think he said that isn't actually one of the issues that's before the court. But the evidence in this case, the prior crimes evidence, was clearly relevant to show intent. That was the only disputed issue, whether he had the intent. And he testified himself that he didn't have the intent. So clearly, all of these prior offenses were the most relevant evidence that they had to show the truth of that issue. So that evidence was going to come in to show intent, regardless of whether it was introduced to show propensity. I think that's it, unless the Court has any other questions. Thank you. Thank you. Four very quick but important parts. Specifically, People v. Crosby, 58 Cal 2nd, 713. That's page 24 of our brief. California Supreme Court, quote, The defendant's plea of not guilty puts this allegation in issue, and the prosecution has the burden of proving it to the jury. The California Supreme Court has never retracted one word, one step from that. The Williams case, where they said they reversed, they remanded it back to the Court of Appeal, to the trial court. They said, well, a reviewing court can look at this. That was because that was a jury trial. So they never had the issue of what happens when a jury has never been given the opportunity to decide the statute of limitations issue. Secondly, it is true that this Court can find that if a State Court of Appeal case is a subterfuge to avoid a constitutional issue, it can disregard that Court of Appeal statement. That's very applicable to this case. Thirdly, the State just argued that, well, even if it's conceded that this was a change of law, but it has said that that's okay because it evolved from the Williams case, Williams was decided after the trial in this case was over. So it can't possibly ‑‑ if it takes the position that there's no longer a right to a jury trial, it's definitely attempting to apply it retroactively. And the right to a jury trial is not something that can be taken away without causing ex post facto problems. So we do rely on GUI. They have conceded. Their best argument appears to be that Williams justifies what occurred here, but Williams' 1999 case was issued after the trial in this case was over to say nothing of the charged offenses. Thank you very much. Thank you, Mr. Rudin. We appreciate your arguments. Thank you, counsel.
judges: Canby, Cox , Paez